Filed 1/20/26  P. v. Rhodes CA6

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H053247 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 22CR008754) |
| v. | |
| JASON ANTHONY RHODES, | |
| Defendant and Appellant. | |

Jason Anthony Rhodes pleaded no contest to inflicting corporal injury on a former cohabitant.  The trial court suspended imposition of sentence, placed Rhodes on probation, and imposed $12,180.00 in contested restitution.

Rhodes appealed, and we appointed counsel to represent him.  Counsel filed an opening brief stating the case and the facts, but raising no issues.  Subsequently, new counsel was appointed, but made no changes to the opening brief.  We advised Rhodes of his right to file written argument on his own behalf, but received no response.

We have reviewed the full appellate record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude that there is no arguable issue for appeal and affirm the judgment.

## I. BACKGROUND

Because Rhodes pleaded no contest before trial, we derive the facts below from the incident report, which provided the factual basis for the plea.

### A. The Offense

Rhodes had a three-year relationship with Jane Doe, which ended in 2021. In the early morning of September 26, 2022, Doe woke up and found Rhodes standing at the foot of her bed. He was drunk and had entered the house uninvited, but Doe let him stay until he sobered up. However, Rhodes continued drinking throughout the day.

The following evening, Doe asked Rhodes to leave the house, and they began to argue. Rhodes grabbed a small conch seashell and a gold watch, which he said he would take. Doe told him he could not, and she tried to grab the seashell, which Rhodes swung at her head. Doe ducked and fell, and the two began wrestling on the floor.

Rhodes pinned Doe to the floor face down, straddling her waist, and began pulling up her nightgown. Doe believed Rhodes was going to rape her. Doe fought and rolled onto her back, but Rhodes gripped her neck with both hands, told her repeatedly he was going to kill her, and choked her until she began to lose consciousness. Nevertheless, Doe was able to push her way out, and she ran out of her house and took refuge with a neighbor, who called 911.

When sheriff's deputies arrived, Rhodes was in front of Doe's house. He identified himself, and the deputies took him into custody. The deputies observed redness around Doe's throat and scratch marks on her eye, nose, and mouth.

Rhodes was read his rights, stated that he understood, and gave a statement. Rhodes initially claimed that he had no physical contact with Doe, and that she snapped at some point and began yelling at him before fleeing to her neighbor. When Rhodes learned of Doe's statement and her matching injuries, he claimed Doe was obsessed with him and that, when she saw messages on his phone from another woman, she struck him in the face before screaming and running to the neighbor's house. However, there were no marks on Rhodes's face, and he declined medical care.

At Doe's request, the trial court issued an emergency protective order. Several days later, Doe told a deputy she had not found the gold watch grabbed by Rhodes.

2

**B. The Charges**

The complaint charged Rhodes with three offenses: (1) corporal injury to a former cohabitant (Pen. Code, § 273.5, subd. (a)); (2) assault by means likely to produce great bodily injury (*id.*, § 245, subd. (a)(4)); and (3) criminal threats (*id.*, § 422, subd. (a)).

**C. The Plea and Sentencing**

On April 18, 2024, Rhodes pleaded guilty to corporal injury to a former cohabitant. The plea was conditioned on Rhodes receiving felony probation and serving any jail or other confinement time in his county of residence. Rhodes also initialed a waiver on his plea form allowing the court to consider the entire factual background of his case in sentencing him and ordering restitution.

On June 6, 2024, the court suspended imposition of sentence and placed Rhodes on three years of felony probation pursuant to Penal Code section 1203.097, subdivision (a)(1). The court dismissed the other two charges. As a condition of probation, the court ordered Rhodes to serve 120 days in county jail, with credit for four days of custody and four days of good time. The court allowed him to apply to serve the jail time on home confinement. And the court imposed a 10-year protective order for Jane Doe.

The trial court also imposed various fines, fees, and assessments. Without objection, the probation report concluded Rhodes "is employable and should be held responsible for all financial obligations pertaining to this case." Accordingly, the court ordered Rhodes to pay $70 in court assessment fees, a $500 domestic violence fee, $300 to a women's shelter program, and a $300 fine to the State Restitution Fund. Additionally, the court imposed but suspended another $300 restitution fine. Finally, the court deferred a determination of the full restitution due to Jane Doe for her watch.

On July 30, 2024, Rhodes agreed to pay $4,407.56 to the California Victim Compensation Board, but contested restitution to Jane Doe. On March 13, 2025, the trial

court held a hearing on restitution for Jane Doe's watch and ordered Rhodes to pay $12,180.00 to her.

Rhodes filed a timely notice of appeal.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106. We find no arguable issue on appeal.

A guilty or no contest plea generally waives any appellate challenge to the resulting convictions not based upon constitutional, jurisdictional, or other grounds concerning the legality of the proceedings. (*People v. Richardson* (2021) 65 Cal.App.5th 360, 369; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) In addition, the Penal Code prohibits defendants who plead guilty or no contest from appealing their convictions without a certificate of probable cause (Pen. Code, § 1237.5), which Rhodes neither requested nor received. As a consequence, we see no arguable basis for challenging Rhodes' convictions. We likewise see no basis for challenging his sentence.

Accordingly, we conclude that Rhodes has no arguable grounds for appeal and that both appellate counsel have complied fully with their responsibilities. (*Wende*, 25 Cal.3d at p. 441.)

## III. DISPOSITION

The judgment is affirmed.

_____
BROMBERG, J.

WE CONCUR:

_____
GREENWOOD, P. J.

_____
DANNER, J.

*People v. Rhodes*
H053247